UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

THE SPORTING TIMES, LLC
1945 Scottville Rd., Ste. B2
Bowling Green, KY 42104

and

SPORTING TIMES FRANCHISE, LLC
1945 Scottville Rd., Ste. B2
Bowling Green, KY 42104

Plaintiffs,

v.

ORION PICTURES, INC.

Serve:
CT Corp., Registered Agent
818 West 7th St., Ste. 930
Los Angeles, CA 90017

and

METRO-GOLDWYN–MAYER STUDIOS, INC.

Serve:
CT Corporation System
245 N. Beverly Dr.
Beverly Hills, CA 90210-5317

and

PODIUM PICTURES, LLC

Serve:
Brett Rapkin, Registered Agent
442 N. Venice Blvd.
Venice, CA 90291

and

Action No. 1:17-CV-33-GNS

**COMPLAINT**

RHINO FILMS, LLC )
)
Serve: )
E.A. Olliff, III c/o Ervin, Cohen & Jessup )
9401 Wilshire Blvd., #900 )
Beverly Hills, CA 90212 )
)
and )
)
FILMBUFF )
25 West 31st St., 3rd Floor )
New York, NY 10001 )
)
and )
)
GUNPOWDER & SKY )
DISTRIBUTION, LLC )
25 West 31st St., 3rd Floor )
New York, NY 10001 )
)
Defendants. )
______________________________ )

## I. INTRODUCTION

1. This is an action for damages and equitable relief against Defendants, Orion Pictures, Inc. ("Orion"), Metro-Goldwyn-Mayer Studios, Inc. ("MGM"), Podium Pictures, LLC ("Podium"), Rhino Films, LLC ("Rhino"), FilmBuff, and Gunpowder & Sky Distribution, LLC ("Gunpowder & Sky") (collectively "Defendants"), arising from their trademark infringement, trademark dilution, commercial disparagement, false designation of origin, and passing off with the trademark owned by the Plaintiffs, The Sporting Times,® LLC and The Sporting Times Franchise, LLC (collectively "The Sporting Times, LLC") in violation(s) of 15 U.S.C. §1114 and §1125(a), and KRS §304.12-10, §365.601, and §365.611. The Sporting Times, LLC is also entitled to damages and equitable relief for

the Defendants' false advertising and use of a counterfeit mark, "The Sporting Times," in violation of 15 U.S.C. §1116(d) and §1120, and KRS §365.100.

## II. THE PARTIES

2. Plaintiff, The Sporting Times, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business at 1945 Scottville Rd., Ste. B2, Bowling Green, Kentucky.

3. Plaintiff Sporting Times Franchise, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Kentucky with its principal place of business at 1945 Scottville Rd., Ste. B2, Bowling Green, Kentucky.

4. Defendant, Orion Pictures, Inc., on information and belief is a Delaware corporation with its principal place of business in Los Angeles, California.

5. Defendant, Metro-Goldwyn-Mayer Studios, Inc. on information and belief is a Delaware corporation with its principal place of business in Beverly Hills, California.

6. Defendant, Podium Pictures, LLC, on information and belief, is a California limited liability company with its principal place of business in Venice, California.

7. Defendant Rhino Films, LLC, on information and belief, is a California limited liability company with its principal place of business in Santa Monica, California.

8. Defendant, FilmBuff, on information and belief, is a New York business with its principal place of business in New York, New York. On information and belief, FilmBuff merged with Gunpowder & Sky, LLC.

9. Defendant, Gunpowder & Sky, LLC, on information and belief, is a New York limited liability company with its principal place of business in New York, New York. On information and belief, Gunpowder & Sky, LLC merged with FilmBuff.

## III. JURISDICTION AND VENUE

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1338, as it is a civil action arising under federal law and the Lanham Act, including 15 U.S.C. §1114, §1116(d), and §1125(a).

11. This Court has supplemental jurisdiction under 28 U.S.C. §1367 the Kentucky state law claims, such as the KRS §§304.12-10, 365.100, 365.601 over and 365.611, which are so related to the federal claims in this action that they form the same case and controversy.

12. Venue is appropriate in this Court under 28 U.S.C. §1391 and KRS §454.210 because Defendants' actions, which serve as the basis for this Complaint have occurred, among other places, in this district and division and Defendants transact business in the Commonwealth.

## IV. FACTUAL ALLEGATIONS

13. The Sporting Times® was duly registered on September 9, 2008 with the Patent and Trademark Office ("PTO"). *See* Exhibit A. It is a famous and incontestable mark.

14. As early as 2004 and continuing to date, Plaintiffs have applied the mark to their publications on a nationwide wide basis in both paper and online mediums.

15. The Sporting Times® is a registered trademarked publication that is dedicated to youth sports and, in particular, the role that sports play in strengthening our children, families, and communities. Needless to say, it enjoys a reputation as a squeaky-clean, moral, and principled publication and promotes this specific image to potential franchisees and readers.

16. The Sporting Times, LLC has recently commenced marketing franchises in various states and contemplates a national franchise market.

17. In August 2016, the movie, Spaceman, was released by Defendants to the general public in theaters.

18. Podium and Rhino are identified as Spaceman's production companies and Orion and FimBuff as its distributors.

19. Spaceman features Josh Duhamel as Bill Lee and venerates his enthusiastic addictions to drugs and alcohol—hence the name "Spaceman."

20. Prior to its release date, in June and July 2016, movie trailers were released advertising the film. The trailers were viewed millions of times on websites including, but not limited to: YouTube; IMDb.com; ET Online; MediaHotZone; TheMovie Box; Steemit.com; Facebook; Amazon Video; Rotten Tomatoes; iTunes; Vudu; Google Play; XFINITY; and Time Warner Cable. Indeed, on YouTube alone, the trailer was viewed approximately 2 million times.

21. Eight seconds into the offending movie trailer, The Sporting Times® is allegedly featured front and center with a cover of Bill Lee with the header: "Boston's Bill 'Spaceman' Lee in an orbit all his own." Many other publications are also featured—but The Sporting Times® is first in placement and the only readily identifiable publication.

22. The movie itself, likewise, features the identical offensive and infringing materials and has been sold in DVD format in this manner.

23. On September 19, 2016, The Sporting Times, LLC wrote Orion Pictures and its parent company, MGM Studios, regarding Defendants' gross misuse of its intellectual property. *See* Exhibit B. MGM and Orion replied, expressing concern about their

infringement stating: "We are looking into the claims set forth in your letter, and we anticipate responding further in the near future." *See* Exhibit C.

24. Ultimately, MGM/Orion, in turn, implicated the various other Defendants named in this Action.

25. Subsequently, The Sporting Times, LLC has had repeated communications with Orion/MGM and Podium to no avail and but the infringing materials remain publicly available.

26. The Sporting Times, LLC also contacted the various online sites set forth above in Paragraph 15 informing them that its trademark had been violated and that continuing to publish the offending trailer available was actionable. The responses received, however, were less than satisfactory and, with minimal exception, the sites refused to take action and both the offending trailer and movie are still available to the public.

27. The Spaceman movie became available for sale and streaming on many sites on November 17, 2016, some of which are set forth above.

28. Each time either the offending trailer or movie is watched, The Sporting Times, LLC is injured both because: (1) its trademark has been infringed; and 2) The Sporting Times is negatively portrayed as a publication that venerates and promotes over- the-hill athletes with serious addiction problems—the sort of sensationalist story that it would by all means avoid as it is the antithesis of the clean cut girl or boy next door image it actively promotes.

29. Defendants have willfully, knowingly and maliciously used the trademark The Sporting Times® to advertise and market its Spaceman movie engaging in trademark

infringement, trademark disparagement, trademark dilution, commercial disparagement, false designation, passing off, unfair competition, and deceptive advertising in violation(s) of 15 U.S.C. §1114 and §1125(a), and KRS §304.12-10, §365.100, §365.601, and §365.611.

30. The commercial impact of Defendants' actions is that: (1) Plaintiffs' mark has been and continues to be wrongfully and repeatedly used without fair compensation; (2) readers and potential franchisors are confused as to the content and nature of The Sporting Times® publication, which now seemingly sensationalizes and promotes drug and alcohol addiction and has-been middle-aged sports figures in interstate commerce; and (3) Plaintiffs' mark has been commercially disparaged.

31. Unless this Court restrains and enjoins Defendants from further trademark infringement, trademark disparagement, and associated acts as set forth above, Plaintiffs will be irreparably harmed and has no adequate remedy at law.

## V. CLAIMS

### Count I: Violation of the Lanham Act

32. Restates the allegations contained in paragraphs 1-31.

33. The actions of the Defendants constitute trademark infringement, trademark dilution, false designation of origin, and passing off under the Lanham Act.

34. As a result, Plaintiffs are entitled to compensatory and punitive damages as specified in Sections VI and VII, and are entitled to equitable relief as specified in Section VIII.

### Count II: State Law Claims

35. Restates the allegations in paragraph 1-34.

36. The actions of the Defendants constitute false and misleading advertising and unauthorized commercial use The Sporting Times® under state law.

37. As a result, Plaintiffs are entitled to compensatory and punitive damages as specified in Sections VI and VII, and are entitled to equitable relief as specified in Section VIII.

**Count III: Commercial Disparagement**

38. Restates the allegations contained in Paragraphs 1-37.

39. The actions of Defendants constitute commercial disparagement under both the Lanham Act and state law.

40. As a result, Plaintiffs are entitled to compensatory and punitive damages as specified in Sections VI and VII, and are entitled to equitable relief as specified in Section VIII.

**DAMAGES**

41. Defendants' actions, infringing and disparaging Plaintiffs' trademark, and engaging in unfair competition, commercial disparagement, and unfair trade practices, have damaged Plaintiffs in an amount in excess of $400,000. In addition, Plaintiffs demand damages sufficient to enable the Plaintiffs to advertise to dispel any public confusion caused by the actions of the Defendants.

**VII. PUNITIVE DAMAGES**

42. Defendants' actions, infringing and disparaging Plaintiffs' trademark, and engaging in unfair competition and unfair trade practices, were carried out willfully, wantonly, and maliciously because of Plaintiffs' small size as compared to other larger publications, and with full knowledge of Plaintiffs' rights and mark. As a result, the

damages awarded under Section VI should be awarded in an amount ten times compensatory damages or Plaintiffs should be awarded punitive or exemplary damages in an amount in excess of $1,000,000.

## VIII.  EQUITABLE RELIEF

43.  Because Plaintiffs have been and will be irreparably harmed and have no adequate remedy at law, this Court should restrain and enjoin Defendants from using the trademark The Sporting Times® in either the Spaceman movie or the related movie trailers.

44.  Defendants should be compelled to destroy and/or recall the offending movie and trailer.

45.  Defendants should be compelled to engage in a program of corrective advertising to dispel any confusion caused by their infringing and disparaging activities.

46.  Plaintiffs are entitled to an accounting for any profits made by the Defendants as a result of its actions described herein.

WHEREFORE, Plaintiffs demand as follows:

1. A judgment against Defendants in an amount in excess of $400,000 in compensatory damages;
2. A judgment against Defendants in an amount in excess of $1,00,000 in punitive damages;
3. An award of damages in an amount sufficient to enable Plaintiffs to advertise correctively to dispel any confusion caused by Defendants' actions;
4. A restraining order and preliminary and permanent injunctions restraining and enjoining Defendants from directly or indirectly infringing on Plaintiffs'

trademark, requiring Defendants to destroy and/or recall the offending material, and from otherwise engaging in acts of unfair competition and unfair trade practices;

5. An order requiring Defendants to engage in corrective advertising programs;
6. An accounting;
7. Reasonable attorneys' fees;
8. A trial by jury;
9. Their costs herein expended; and
10. All further relief to which Plaintiffs may appear properly entitled.

*/s/ Clare Feler Cox*________________
Clare Feler Cox
Lynch, Cox, Gilman & Goodman, P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, Kentucky 40202
Phone: (502) 589-4215
Fax: (502) 589-4994
ccox@lynchcox.com
*Counsel for Plaintiffs*