UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00033-GNS

THE SPORTING TIMES, LLC; and
SPORTING TIMES FRANCHISE, LLC                                                              PLAINTIFFS

v.

ORION PICTURES, CORP.;
METRO-GOLDWYN-MAYER STUDIOS INC.;
PODIUM PICTURES, LLC;
RHINO FILMS, LLC; FILMBUFF; and
GUNPOWDER & SKY DISTRIBUTION, LLC                                                          DEFENDANTS

# ORDER

This case arises from a trademark dispute in which the Court granted Defendants' Motion to Dismiss. (DN 35). Defendants have now asked the Court to award its attorneys' fees and costs. (Defs.' Mot. Att'ys' Fees & Costs, DN 38 [hereinafter "Defs.' Mot."]). The parties have fully briefed the motion, which is ripe for adjudication. (Pls.' Am. Resp., DN 47; Defs.' Reply, DN 45).[1] For the following reasons, the Defendants' motion is **DENIED**.

---

[1] Plaintiffs' response asks "the Court [to] *sua sponte* relieve Plaintiffs from its Order dismissing their Complaint." (Pls.' Am. Resp. 2, 6-11, 16-19). As Defendants' reply notes, Plaintiffs' First Amendment arguments regarding the Court's dismissal ignore the initial, independent basis for dismissing Plaintiffs' Complaint on non-trademark use grounds. (Mem. Op. & Order 6-9, DN 35). Further, Plaintiffs' assertions that the Supreme Court's decision in *Matal v. Tam*, 137 S. Ct. 1744 (2017), and the Federal Circuit's decision in *In re Brunetti*, 877 F.3d 1330 (Fed. Cir. 2017) "call into question the keystone of the *Rogers* [*v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989)] decision" are incongruous, as neither case mentions *Rogers*, nor arises from a party's use of another's mark in an expressive manner governed by the First Amendment. The Court therefore will not *sua sponte* "relieve Plaintiffs" from the Court's Order granting Defendants' Motion to Dismiss, and to the extent Plaintiffs' arguments can be construed as a motion under Fed. R. Civ. P. 60(b) to alter, amend, or vacate, it is denied.

The Lanham Act provides that the Court may award reasonable attorneys' fees and costs to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). The Supreme Court has interpreted the Patent Act's identical fee-shifting language to relax previously accepted standards of exceptional cases.[2] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In *Octane Fitness*, the Supreme Court held that an exceptional case meriting fees "is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* The Supreme Court further specified that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757 (citation omitted). The Court determines whether a case is exceptional through a "case-by-case exercise of [its] discretion, considering the totality of the circumstances." *Id.* at 1756. Relevant factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (internal quotation marks omitted) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517. 534, n.19 (1994)). The Supreme Court also emphasized that an exceptional case is "rare." *Id.* at 1756.

---

[2] The Sixth Circuit has noted that identical statutes should be consistently interpreted. *Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 313, 318 (6th Cir. 2015) (remanding for a determination of whether *Octane Fitness* applies to the Lanham Act); *Leapers, Inc. v. SMTS, LLC*, No. 14-12290, 2017 U.S. Dist. LEXIS 112864, at *5-7 (E.D. Mich. July 20, 2017) (applying *Octane Fitness* standard to motion for attorneys' fees under Section 1117(a)); *see also Romag Fasteners, Inc. v. Fossil, Inc.*, 866 F.3d 1330, 1334-35 (Fed. Cir. 2017) (noting that "no circuit has specifically considered *Octane* and then declined to apply it to the Lanham Act[,]" including the Sixth Circuit in *Slep-Tone*); *Ga.-Pac. Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 719-21 (4th Cir. 2015) ("[W]e conclude that there is no reason not to apply the Octane Fitness standard when considering the award of attorney fees under § 1117(a)." (citation omitted)).

Citing language from the Court's Memorandum Opinion & Order, Defendants argue that Plaintiffs' claims were so "exceptionally meritless" as to justify the award of attorneys' fees. (Defs.' Mot. 4-5). Plaintiffs counter that, compared with cases from other districts, their case is not "exceptional" even under the more lenient *Octane Fitness* standard. (Pls.' Am. Resp. 11-15 (citing *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, No. 14-CV-3419 (JMF), 2018 U.S. Dist. LEXIS 3035 (S.D.N.Y. Jan. 8, 2018), *appeal docketed*, No. 18-293 (2d Cir. Jan. 31, 2018); *Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2016 U.S. Dist. LEXIS 159348 (W.D. Ky. Nov. 17, 2016), *vacated*, 2017 U.S. Dist. LEXIS 37344 (W.D. Ky. Jan. 27, 2017); *Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 8:13-cv-1732-T-36EAJ, 2015 U.S. Dist. LEXIS 108130 (M.D. Fla. Aug. 17, 2015); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31 (S.D.N.Y. 2015))).

Although the Court agrees with Defendants that each of the cases cited by Plaintiffs is distinguishable (Defs.' Reply 3-5), the Court ultimately finds that Plaintiffs' claims were not exceptionally meritless. As the Southern District of New York noted in a patent case:

> [A]lthough *Octane* reduced the showing required for an award on the ground of objective baselessness, courts continue to hold claims of baselessness to a high bar. Mere assertions that a party's arguments were without merit are generally unavailing; rather, courts are more likely to award fees where a party knew or willfully ignored evidence of his claims' meritlessness, where such meritlessness could have been discovered by basic pre-trial investigation, or where such meritlessness is made clear to the court early in the litigation. By contrast, where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced "exceptionally meritless" claims.

*Small v. Implant Direct Mfg. LLC*, No. 06 Civ. 683 (NRB), 2014 U.S. Dist. LEXIS 154468, at *8-9 (S.D.N.Y. Oct. 22, 2014) (citations omitted). That a motion to dismiss is granted is not, in and of itself, sufficient under Section 1117(a) to mandate the award of attorneys' fees and costs. *See Manhattan Review LLC v. Yun*, No. 16 Civ. 0102 (LAK) (JCF), 2017 U.S. Dist. LEXIS 155508, at *16-20 (S.D.N.Y. Sept. 21, 2017) (granting, in part, the defendants' motion for

attorneys' fees "not because [plaintiffs' claims] were insufficiently pleaded," but because plaintiffs lacked capacity to sue, and their copyright claims were filed "without having a valid registration for any relevant work.").

Indeed, even though the Court concluded that Plaintiffs' claims were implausible, Plaintiffs' arguments were made in good faith and do not appear to have been frivolous, especially given Plaintiffs' mandate to affirmatively protect their mark. (Pls.' Am. Resp. 15-16). The Court would agree with Defendants if the standard were merely meritless claims, but Defendants have not, under the *Octane Fitness* standard, demonstrated that Plaintiffs' claims were *exceptionally* meritless. Further, nothing about Plaintiffs' litigation conduct was so unreasonable as to support the award of Defendants' attorneys' fees and costs. (Defs.' Mot. 5-6). That pre-litigation attempts to resolve the dispute were unsuccessful seems entirely run-of-the-mill. Considering the totality of the circumstances, this was not so exceptional or rare a case as to merit awarding Defendants their attorneys' fees and costs under the Lanham Act.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees and Costs (DN 38) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 30, 2018

cc: counsel of record